■ In the Matter of the Claim of THEODORE T. CORCORAN, Respondent, v. FORT PLAIN PACKING COMPANY, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal from a decision of the Workmen's Compensation Board, filed June 29, 1967, discharging the Special Disability Fund from liability under subdivision 8 of section 15 of the Workmen's Compensation Law. On December 14, 1963 the claimant, while working in his employer's slaughter house, was injured when a bull calf slipped from a hook and hit him on the left knee. He sought medical attention, and eventually underwent surgery for removal of the lateral miniscus and excision of a Baker's cyst. The carrier commenced payment of compensation on March 16, 1964 and, on February 15, 1965, filed a claim for reimbursement from the Special Disability Fund alleging a pre-existing permanent injury to a shoulder by reason of war wounds and alcoholism. In a notice of decision filed on May 23, 1967, an award was made for $33\frac{1}{3}\%$ loss of use of the left leg, 96 weeks at $55 plus 83 weeks for protracted temporary total disability, and the Special Disability Fund was discharged from liability on the ground that the " schedule " does not exceed 104 weeks, and that the protracted healing period of 83 weeks may not be considered for the purposes of subdivision 8 of section 15 of the Workmen's Compensation Law. On May 26, 1967 the carrier applied to the Workmen's Compensation Board for a reopening of the case solely on the issue of the liability of the Special Disability Fund for the

period of disability in excess of 104 weeks. In a memorandum decision filed June 29, 1967 the board, without having held a hearing, affirmed the Referee's decision after a review of the record. Section 15 (subd. 8, par. [d]) of the Workmen's Compensation Law provides for reimbursement to the carrier by the Special Disability Fund for all compensation and medical benefits for any period in excess of 104 weeks when it appears that a covered employee, who has a pre-existing permanent physical impairment, has incurred a subsequent disability in the course of his employment which results in a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the subsequent injury alone. The Referee determined that the claimant had a permanent partial disability of the left leg amounting to 33⅓% loss of use. He also determined that, since the schedule of payments under subdivision 3 of section 15 of the Workmen's Compensation Law limits the payment of compensation for such permanent partial disability to a period of 96 weeks, the Special Disability Fund should be discharged. This determination finds no support in the law. Here, the injury is permanent as evidenced by the Referee's use of the schedule set forth in subdivision 3 of section 15 of the Workmen's Compensation Law. If the other prerequisites shall be established, liability of the Special Disability Fund arises for all payments in excess of 104 weeks. "Permanency is one of the essentials to bring subdivision 8 of section 15 into play at all, but once the section becomes operative there is no limitation whatever on the type of disability or the type of compensation for which reimbursement must be made." (*Matter of Williams* v. *Ketchum & Son,* 7 A D 2d 325, 327.) The statute does not limit reimbursement solely to situations involving a permanent disability for which a minimum of 104 weeks compensation is payable. "The words 'all compensation' are not limited or qualified in any manner, nor is the word 'disability'. To construe the language so as to limit 'all compensation' to compensation paid for permanent disability and to limit the word 'disability' to mean permanent disability is to read something into the statute which is not there." (*Matter of Williams* v. *Ketchum & Son, supra,* p. 327.) The case of *Matter of Canniff* v. *Wilcox* (19 A D 675, mot. for lv. to app. den. 13 N Y 2d 597) is inapposite and, in any event, is not controlling. In the instant case a determination has not been made as to the other factors necessary to impose Special Disability Fund liability and these will have to be determined upon remittal. Decision reversed, with costs to appellants against the Special Disability Fund, and matter remitted to the board for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.